**2622-CC01368**

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI**

| | | |
|---|---|---|
| **PAMELA HOSKINS,** | ) | |
| | ) | **Cause No.** |
| **Plaintiff,** | ) | |
| | ) | **Division No.** |
| vs. | ) | |
| | ) | |
| **SAINT LOUIS UNIVERSITY,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant** | ) | |

Serve:

**Saint Louis University
221 N. Grand
St. Louis, MO 60103**

**PETITION FOR DAMAGES
(Title VII of the Civil Rights Act of 1964, as
amended, 42 USC §2000(e),** *et seq.***)**

COMES NOW Plaintiff Pamela Hoskins (hereinafter "Plaintiff"), by and through counsel,

and for her Petition against defendant Saint Louis University (hereinafter "Defendant SLU"),

and states as follows:

**PARTIES, VENUE, AND JURISDICTION**

1.      This is an action under: (1) the Civil Rights Act of 1991, 42 U.S.C.§§1981 *et seq.*,

as amended ("§1981") and (3) Title VII of the Civil Rights Act of 1964, 42 U.S.C.§§2000e *et*

*seq.,* as amended ("Title VII")— to correct unlawful employment practices and discrimination

because of race, and to provide appropriate relief to plaintiff who was adversely affected by such

practices.

2.      Plaintiff is an African-American female, a resident of the County of St. Louis,

State of Missouri, and was employed by Defendant SLU.

**Exhibit**

**1**

exhibitsticker.com

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

3.      Defendant SLU is and was a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in the State of Missouri; and defendant SLU was and is registered with the Missouri Secretary of State to conduct business in the State of Missouri; and defendant SLU did conduct and does conduct substantial business within the boundaries of the State of Missouri.

4.      Venue is proper in this Court under section 408.010.4, because plaintiff was first injured in the City of St. Louis and all acts, events, and conduct described herein occurred in the City of St. Louis.

5.      Plaintiff timely filed a formal charge of discrimination and retaliation with the Equal Employment Opportunity Commission.

6.      On February 6, 2026, the EEOC issued Plaintiff a Notice of Right to Sue.

7.      Jurisdiction is invoked pursuant to 42 U.S.C. § 2000e-5(f)(1), as this Petition for Damages is being filed within ninety (90) days of the notice of right to sue letter issued by the Equal Employment Opportunity Commission (EEOC)

8.      Plaintiff also seeks declaratory, injunctive, and equitable relief pursuant to Section 42 U.S.C. § 2000e-5(g)(1).

### FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

**A.      Plaintiff's Employment History with Defendant SLU**

9.      Plaintiff, an African-American female, began employment with Defendant SLU on October 12, 2023, as the Program Manager for the Habitat for Neighborhood Business Program, a collaboration program between Defendant SLU and the Habitat for Neighborhood Business Organization (hereinafter "HNB"). Plaintiff worked at SLU for approximately two years until she was unlawfully terminated by Defendant SLU on September 5, 2025.

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

10. During Plaintiff's two years of employment with Defendant SLU, Plaintiff received a performance review of "Exceeded Expectations". No disciplinary actions, negative performance reviews, or verbal warnings were ever given to Plaintiff until August, 2025, when Defendant SLU manufactured pretextual reasons that were later used to justify Plaintiff's abrupt termination.

11. Plaintiff's performance was consistently skilled and exceeded expectations, and was very well regarded by the business owners and entrepreneurs who participated in the program, as well as the HNB Board members, the mentors, funders, and external partners of the program.

12. Plaintiff was originally hired with Defendant SLU as a Program Manager and reported to Gladys Smith, the Program Director for the previous five years.

13. During her employment with Defendant SLU, on or around October 1, 2024, Plaintiff's supervisor became Ben Smyth (hereinafter "Smyth"), a white male, the Director of Co-Curricular and Service Learning Programs.

14. Ben Smyth had direct authority over Plaintiff's continued employment.

**B.      Discrimination based on Racial Animus**

15. Plaintiff's relationship with Smyth was initially cordial, although she worked independently and did not interact with Smyth frequently during the first several months.

16. On or about November, 2024, Lucinda Perry Jones (hereinafter "Jones"), a white female, was hired as the Executive Director of HNB. Jones was not employed by Defendant SLU.

17. Plaintiff was introduced to Jones by Smyth as a person she would be working with as a part of her duties and as someone who would operate in an administrative support role for Plaintiff.   At no time did Smyth inform Plaintiff that Jones would have any supervisory authority

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

over Plaintiff, including the authority to issue directives to Plaintiff, or make decisions regarding the terms and conditions of Plaintiff's employment with Defendant SLU.

18.     Following Jones' hire, Jones immediately began demonstrating racial animus towards Plaintiff by treating Plaintiff differently than others involved in the program, including Smyth, HNB Board members, and others, making racially charged and insensitive comments about Plaintiff, and creating systemic obstacles to inhibit Plaintiff's success in her employment.

19.     During collaborative meetings with business owners involved in the program, Jones would repeatedly insert herself into the presentation that was led by Plaintiff and make demeaning and undermining comments about Plaintiff.

20.     In addition, Jones engaged in noticeable opposition to engage in any efforts to empower or benefit African-American business owners who were engaged in the Program.

21.     Jones engaged in observable behavior that demonstrated a preference to interact with white colleagues and stakeholders, and to avoid interactions with non-white individuals.

22.     In the months following Jones' hire at HNB, Jones and Smyth had numerous closed meetings with each other about the program, and excluded Plaintiff from those meetings despite Plaintiff being the program manager.

23.     In addition, on information and belief, Jones belittled and defamed Plaintiff behind her back to Board Members Doug Brown and Rich Weinstock.

24.     Furthermore, on numerous occasions, Jones attempted to pressure Plaintiff into performing work that was Jones' responsibility as executive director of HNB, and then blamed Plaintiff if the work did not reflect positively on Jones in her opinion.

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

25.    On or around May, 2025, Plaintiff was on a Zoom call with Jones and discussed with Plaintiff information and documents that she had demanded Plaintiff provide to her, rather than getting this information on her own.

26.    During this same Zoom call, Jones told Plaintiff she had everything she wanted from her and that she did not need any additional materials or support.

27.    However, sometime shortly thereafter, Jones complained to Smyth that Plaintiff had not provided support and materials that she needed, in an overt attempt to undermine Plaintiff.

28.    Also, on or around May, 2025, Plaintiff was asked by Jones to participate in the creation of a promotional video of the Program, and Plaintiff was recorded with the intent to include her in many of the video segments that were recorded.  However, when the video was released, Jones had removed Plaintiff from the entire video.

29.    In addition, on another separate occasion in May, Jones demanded from Plaintiff that she prepare pamphlets to be distributed at the Board meeting, which was happening shortly thereafter.

30.    Due to not having a sufficient amount of time, Plaintiff prepared the pamphlets and had them printed at her own expense.

31.    Plaintiff distributed the pamphlets at the meeting, and after Jones complained, Plaintiff was told by Smyth that the pamphlets contained incorrect information and should not have been distributed, despite the fact that Jones had asked Plaintiff to prepare the pamphlets and Plaintiff's clear representation to Smyth that the pamphlets were in draft form for review.

32.    Plaintiff asked Smyth what information on the pamphlets was incorrect, and he refused to answer.

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

33.     Shortly following this, on or around July 25, 2025, Plaintiff sought help from Smyth about what she perceived to be discriminatory behavior from Jones.

34.     In response, Smyth brushed off Plaintiff's concerns and told her she should figure it out herself.

35.     On August 5, 2025, a meeting was scheduled by Smyth that included Jones.   The stated purpose of this meeting was to discuss a strategy for the HNB-SLU collaboration; however, at the actual meeting, Jones used the meeting as an opportunity to steer the conversation to a discussion about Plaintiff's performance, and used by Jones to interrogate and attack Plaintiff, demanding that Plaintiff describe in detail how she specifically managed the program.

36.     Instead of protecting Plaintiff and keeping the meeting on track for its intended purpose, Smyth allowed interrogation to occur from a non-employee.

37.     Following this event and after continued ongoing discrimination and hostility from Jones, Plaintiff again reached out to Smyth and pressed upon him that she felt she was being discriminated against by Jones, that the opinions Jones was sharing about Plaintiff being difficult to work with were biased, and that Jones had attempted to undermine her numerous times. Plaintiff further told Smyth that Jones had been and still was treating her with hostility, that Jones appeared to expect that Plaintiff completely change her role and duties to accommodate her, and that she felt Smyth was enabling this, even though Smyth had originally presented Jones as a person who would act in a support role to Plaintiff.

38.     Instead of assisting Plaintiff, Smyth yelled at Plaintiff, used profanity, blamed Plaintiff, and told her she was responsible for any issues she was having with Jones.  Further, Smyth provided no feedback when requested by Plaintiff about any performance deficiencies or

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

how she would be able to improve the relationship with someone who had created a hostile work environment and had discriminated against her.

39.    Subsequent to this, on or around August 18, 2025, Plaintiff prepared her usual report, which was to be presented to the Executive Board at the next meeting.

40.    On August 18, 2025, Plaintiff received an email from Jones telling Plaintiff that she needed her report.  Plaintiff then called Jones, and Jones told her she should not be in attendance at the next Executive Board meeting and that Jones would present the report instead. Jones also stated that Smyth had agreed with this decision.  Prior to this, Plaintiff had always attended these meetings, was the primary presenter to the Board, and just a month prior, the founder of the Program, Doug Brown, had sent an email to Jones and Plaintiff that he wanted the program director to be present at Board meetings.

41.    Smyth subsequently confirmed that Plaintiff was being excluded from the meeting but refused to provide any further explanation to Plaintiff.

42.    Prior to these events and prior to her complaint to Smyth about Jones, hostility and discrimination, Smyth had not communicated any complaints or concerns to Plaintiff about her performance.

**C.    Internal Complaint with Defendant SLU and Retaliatory Discharge**

43.    Plaintiff's efforts to seek intervention against the harassment and racial discrimination she experienced from Jones constitute protected activity under the Civil Rights Act.

44.    On August 25, 2025, Plaintiff was called into a meeting with Smyth, and present at this meeting was a representative from Defendant SLU's human resources department.

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

45. Smyth directly told Plaintiff, "If Lucinda Perry-Jones says she does not want to work with you, I will have to terminate your employment".

46. Smyth, who was already aware of Plaintiff's complaints of discrimination and harassment regarding Jones, expressly predicated Plaintiff's continued employment on the approval of a non-employee of SLU, an individual who had already demonstrated racial animus towards Plaintiff and other African-Americans.

47. In response, Plaintiff asked Smyth why a non-employee could determine her employment status and why he was unwilling to consider her concerns and complaints regarding Jones' treatment of her.

48. Smyth refused to respond to these questions and provided Plaintiff with no additional basis for why he was considering termination of her employment at that time.

49. Following this meeting, Plaintiff went to obtain a copy of her performance review and discovered that it had been removed from her file. Plaintiff then contacted HR and informed them that her evaluation had been removed from her personnel records. However, nobody from Defendant SLU ever followed up with Plaintiff about her missing performance review or to provide her with a copy.

50. On August 29, Smyth sent an email to Plaintiff stating he would reach out to her to discuss her position and HNB.

51. On September 1, 2025, Plaintiff sent an email to Defendant SLU's Office of Professional Oversight, seeking assistance with the unfair and discriminatory treatment she was experiencing from Smyth.

52. On September 5, 2025, with no additional feedback or warning, Plaintiff received an email from Smyth notifying her that her employment had been terminated.

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

53.     Plaintiff again sought assistance from SLU's human resources department, and she asked if outside influence could impact employment decisions, and she was told that "such influence was possible".

54.     Plaintiff sent a follow-up email to SLU HR on October 8 seeking information about her complaint and related documents; however, she never received a response.

55.     Plaintiff was later informed, on information and belief, that she was removed from her position with the intent of replacing her with a white female.

## COUNT I—HOSTILE WORK ENVIRONMENT BASED ON RACE
### (Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§§2000e *et seq*)
### Against Defendant SLU

56.     Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1 through 55 as though fully set forth herein.

57.     Plaintiff is a member of a protected class based on race.

58.     Defendant SLU, acting through its agent, Ben Smyth, and within the course and scope of his employment and in conjunction with Lucinda Perry Jones, subjected Plaintiff to unwelcome harassment based on Plaintiff's race, including but not limited to: exclusion from meetings and events that were an integral part of her duties, undermining conduct designed to create the appearance that Plaintiff was not performing her duties, interference with her job duties to make her duties more difficult, the removal and concealment of Plaintiff's performance evaluation, and hostile treatment that included demeaning comments and swear words, racially charged comments and derogatory statements.

59.     Plaintiff's race was a motivating factor in the harassment.

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

60.     Plaintiff contemporaneously reported Jones' conduct to Plaintiff's direct supervisor, and in response, Smyth, her supervisor, supported and encouraged the hostile treatment and even informed Plaintiff she was solely responsible for making Jones happy. Neither Smyth nor Defendant SLU took any substantial action to investigate or protect Plaintiff.

61.     The harassment was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

62.     Defendant SLU's conduct and behavior were outrageous because of its evil motive or reckless indifference to Plaintiff's protected rights.

63.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered non-diagnosed emotional pain and distress, suffering, inconvenience, humiliation, embarrassment, damage to professional reputation, loss of standing in the legal community, fear for her financial security, mental anguish, and loss of enjoyment of life.

64.     In addition, Plaintiff has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

65.     Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and, as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter it and others from like conduct.

WHEREFORE, plaintiff respectfully prays this Court to enter judgment in favor of plaintiff and against Defendant SLU, to include the following:

A.     To declare that the rights of Plaintiff under Title VII have been violated by the acts and practices of defendants, as alleged hereinabove;

B.     To permanently enjoin Defendant SLU, its officers, subordinates, agents, employees, successors, and assigns, and all persons acting in concert or participating with

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

defendant from engaging in any employment practice which discriminates against persons because of their race, in violation of Title VII, including plaintiff;

C.      To award plaintiff compensatory damages in the amount of all wages and other benefits lost as a result of defendants' unlawful acts, together with pre-judgment and post-judgment interest;

D.      To award plaintiff such sums sufficient to compensate her for her emotional pain, suffering, mental anguish, inconvenience, embarrassment, and loss of esteem;

E.      To award plaintiff her reasonable attorney's fees and expenses incurred in the prosecution of this petition, as provided by law, together with her costs and expenses herein incurred; and

F.      For such other and further relief as this Court deems just and equitable in the premises and as necessary to effectuate the terms of the judgment.

### COUNT II—DISPARATE TREATMENT SEX DISCRIMINATION
### (Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§§2000e *et seq)*
### Against Defendant SLU

66.      Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1 through 65 as though fully set forth herein.

67.      Plaintiff is a member of a protected class based on race.

68.      Plaintiff was qualified to perform the job of Program Manager, having served in that position since October 2023 with excellent performance reviews and without any disciplinary action during her period of employment with Defendant SLU.

69.      Plaintiff was subjected to adverse employment actions, including but not limited to: being subjected to impossible standards and expectations based entirely on the opinions of a non-employee, being denied any meaningful opportunity to refute or rebut any claims being

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

made about her performance, being denied any feedback or measurable performance expectations, being provided no documentation of any perceived performance deficiencies or an opportunity to be placed on a performance improvement plan, being excluded from meetings and active participation in the program mission and directives, being isolated and demeaned, being threatened with termination if she did not meet the approval of a non-employee who was actively discriminating against her, being denied the opportunity to have counsel present at the meeting with HR and Smyth, by being terminated from employment with the intent to replace Plaintiff with a white female.

70.    Plaintiff was treated differently from similarly situated employees of a different race, and was treated differently than other participants in the program who were white.

71.    Plaintiff's race was a motivating factor in Defendant SLU's decision to subject Plaintiff to adverse employment actions and to terminate Plaintiff's employment. Defendant SLU's conduct was outrageous because of its evil motive or reckless indifference to Plaintiff's protected rights.

72.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered non-diagnosed emotional pain and distress, suffering, inconvenience, humiliation, embarrassment, damage to professional reputation, loss of standing in the legal community, fear for her financial security and that of her children, mental anguish, and loss of enjoyment of life.

73.    In addition, Plaintiff has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

74.    Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of Plaintiff and, as such, warrants an award of punitive damages in such sum as will serve to punish Defendant and to deter it and others from like conduct.

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

WHEREFORE, plaintiff respectfully prays this Court to enter judgment in favor of plaintiff and against Defendant SLU, to include the following:

A.     To declare that the rights of plaintiff under Title VII have been violated by the acts and practices of defendant, as alleged hereinabove;

B.     To permanently enjoin Defendant SLU, its officers, subordinates, agents, employees, successors, and assigns, and all persons acting in concert or participating with defendants, from engaging in any employment practice which discriminates against persons because of their race, in violation of Title VII, including plaintiff;

C.     To award plaintiff compensatory damages in the amount of all wages and other benefits lost as a result of defendants' unlawful acts, together with pre-judgment and post-judgment interest;

D.     To award plaintiff such sums sufficient to compensate her for her emotional pain, suffering, mental anguish, inconvenience, embarrassment, and loss of esteem;

E.     To award plaintiff her reasonable attorney's fees and expenses incurred in the prosecution of this petition, as provided by law, together with her costs and expenses herein incurred; and

F.     For such other and further relief as this Court deems just and equitable in the premises and as necessary to effectuate the terms of the judgment.

## COUNT III—RETALIATION
### (Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§§2000e *et seq)*
### Against Defendant SLU

75.     Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1 through 74 as though fully set forth herein.

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

76.     Plaintiff engaged in protected activity by reporting the discrimination and harassment she experienced from Lucinda Perry Jones to her supervisor, Ben Smyth. Plaintiff also engaged in protected activity by filing a complaint with SLU's human resources department and SLU's Office of Professional Oversight.

77.     Defendant SLU, through the actions of Ben Smyth, took adverse employment actions against Plaintiff, including but not limited to: conducting an unwarranted retroactive review of plaintiff's performance designed to manufacture pretextual reasons for termination; forcing Plaintiff to answer questions from a non-employee and forcing her to defend her management and performance to said non-employee, taking actions against Plaintiff based on the opinions from a non-employee with discriminatory motives, being threatened with termination if she did not meet the approval of a non-employee who was actively discriminating against her, being denied the opportunity to have counsel present at the meeting with HR and Smyth, denying Plaintiff any information to support alleged "performance issues"; and terminating Plaintiff's employment because she complained about discrimination and harassment.

78.     A causal relationship exists between Plaintiff's protected activities and the adverse employment actions. The causal relationship is established by:

(a)     The temporal proximity between Plaintiff's complaints of discrimination and harassment and the subsequent hostile treatment by Smyth;

(b)     the temporal proximity between Plaintiff's complaint to SLU HR and Office of Administrative Oversight on September 1, 2025, and Plaintiff's termination on September 5, 2025;

(c)     the predetermined outcome of the termination process, as evidenced by Smyth's admission that her employment status would be determined by the personal opinions of a

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

non-employee who had already demonstrated a clear discriminatory animus towards African-Americans;

(d)     the procedural irregularities, including the failure to follow any kind of progressive discipline or implement a performance plan, which is a customary practice for SLU employees with an alleged performance deficiency;

(e)     the sole reliance on the opinions of a non-employee with a discriminatory animus in deciding to terminate Plaintiff;

(f)     the motive of Defendant SLU to replace Plaintiff with an employee of a preferred race; and

(h)     the false nature of the stated reasons for termination.

79.     Plaintiff's protected activities were motivating factors in Defendant SLU and Smyth's decision to take adverse employment actions against Plaintiff and to terminate Plaintiff's employment.

80.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages, including but not limited to loss of income and benefits, emotional distress, suffering, mental anguish, humiliation, embarrassment, inconvenience, and loss of enjoyment of life.

81.     As a result of Defendants' actions, Plaintiff has lost income, benefits of employment, and has incurred and will continue to incur attorneys' fees, costs, and expenses of litigation.

82.     Defendants' conduct and actions were outrageous because of their evil motive or reckless indifference to Plaintiff's protected rights, and as such, warrants an award of punitive damages in such sum as will serve to deter Defendants and others from such like conduct in the future.

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

WHEREFORE, plaintiff respectfully prays this Court to enter judgment in favor of plaintiff and against Defendant SLU, to include the following:

A.      To declare that the rights of plaintiff under Title VII have been violated by the acts and practices of defendant, as alleged hereinabove;

B.      To permanently enjoin Defendant SLU, its officers, subordinates, agents, employees, successors, and assigns, and all persons acting in concert or participating with defendants, from engaging in any employment practice which discriminates against persons because of their race, in violation of Title VII, including plaintiff;

C.      To award plaintiff compensatory damages in the amount of all wages and other benefits lost as a result of defendants' unlawful acts, together with pre-judgment and post-judgment interest;

D.      To award plaintiff such sums sufficient to compensate her for her emotional pain, suffering, mental anguish, inconvenience, embarrassment, and loss of esteem;

E.      To award plaintiff her reasonable attorney's fees and expenses incurred in the prosecution of this petition, as provided by law, together with her costs and expenses herein incurred; and

F.      For such other and further relief as this Court deems just and equitable in the premises and as necessary to effectuate the terms of the judgment.


### COUNT IV- 1981
### Against Defendant SLU

83.      Plaintiff restates and realleges each and every allegation as set forth in paragraphs 1 through 82 and incorporates same herein by reference.

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

84. Ben Smyth, acting within the scope and course of his employment with Defendant SLU, repeatedly helped to facilitate and maintain a racially biased, hostile work environment, and discharged plaintiff as set forth above.

85. Plaintiff's race was either (a) a motivating factor or played a part in defendant's decisions to discharge plaintiff, or (b) a determining factor in defendants' decisions to thereby discriminate against her.

86. Defendant thereby discriminated against plaintiff *because of* her race; and/or would not have done so *but for* her race.

WHEREFORE, plaintiff respectfully prays this Court to enter judgment in favor of plaintiff and against Defendant SLU, to include the following:

A. To declare that the rights of plaintiff under the 14th Amendment to the U.S. Constitution and Title VII have been violated by the acts and practices of defendant as alleged hereinabove;

B. To permanently enjoin Defendant SLU, its officers, subordinates, agents, employees, successors, and assigns, and all persons acting in concert or participating with Defendant, from engaging in any employment practice which discriminates against persons because of their race, including plaintiff;

C. To order defendants to reinstate and provide back pay to plaintiff, retroactive to September 1, 2025; or in lieu of reinstatement, to award plaintiff reasonable front pay;

D. To award plaintiff compensatory damages in the amount of all wages and fringe benefits lost as a result of defendants' unlawful acts, together with pre-judgment and post-judgment interest;

Electronically Filed - City of St. Louis - May 07, 2026 - 07:17 PM

E.      To award plaintiff such sums sufficient to compensate her for his emotional pain, suffering, mental anguish, inconvenience, embarrassment, and loss of esteem;

F.      To award plaintiff such sums as permitted by law as and for punitive damages;

G.      To award plaintiff her reasonable attorney's fees and expenses incurred in the prosecution of this petition, as provided by law, together with his costs and expenses herein incurred; and

H.      For such other and further relief as this Court deems just and equitable in the premises and as necessary to effectuate the terms of the judgment.

Respectfully submitted,

UTHOFF, GRAEBER, BOBINETTE & BLANKE

By:   /s/   Paul L. Schmitz_____
Paul L. Schmitz, MBE #66885
906 Olive Street, Suite 300
St. Louis, Missouri 63101
Telephone: (314) 621-9550
Facsimile: (314) 621-2697
Email: pschmitz@ugbblaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was electronically filed with the Court using the CM/ECF system this 7th day of May, 2026, and electronic service was made to opposing counsel, pursuant to the provisions of Supreme Court Rule 103.08.

By:   /s/   Paul L. Schmitz

18

# Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number:  2622-CC01368 | |
|---|---|---|
| Plaintiff/Petitioner:<br>PAMELA HOSKINS | Plaintiff's/Petitioner's Attorney/Address<br>PAUL LESTER SCHMITZ<br>906 OLIVE STREET<br>SUITE 300<br>ST LOUIS, MO  63101 | |
| vs. | | |
| Defendant/Respondent:<br> SAINT LOUIS UNIVERSITY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

The State of Missouri to:    SAINT LOUIS UNIVERSITY
Alias:
**221 N. GRAND**
**ST. LOUIS, MO  63103**

Other Addresses:

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*

*CITY OF ST LOUIS*

_____5/11/2026_____
Date

_____
Clerk

**Further Information:**

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-3767**
1 of 2 (2622-CC01368)                          Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Case Number: 2622-CC01368**

### Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____        _____
　　　Printed Name of Officer or Server　　　　　　　　　　　Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
　　　　　　　　　　　　　　　　　　Date　　　　　　　　　Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - CITY OF ST. LOUIS - June 16, 2026 - 09:52 AM

Case Number: 2622-CC01368

## Officer's or Server's Return

**Note to serving officer:** Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to:
_Brandy Jackson_ (name) _Attorney_ (title).

☐ other: _____.

Served at _3545 lindell_ (address) in _____ (County/City of St. Louis), MO, on _6-12-26_ (date) at _2:22_ (time).

_E. Phillips_ 839
Printed Name of Officer or Server          _E. Phillips_ Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                    Date                    Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - CITY OF ST. LOUIS - June 16, 2026 - 09:52 AM



# Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI



| | |
|---|---|
| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC01368 |
| Plaintiff/Petitioner:<br>PAMELA HOSKINS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>PAUL LESTER SCHMITZ<br>906 OLIVE STREET<br>SUITE 300<br>ST LOUIS, MO 63101 |
| Defendant/Respondent:<br>SAINT LOUIS UNIVERSITY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp for Return)

The State of Missouri to:  **SAINT LOUIS UNIVERSITY**
Alias:
**221 N. GRAND**
**ST. LOUIS, MO 63103**

Other Addresses:

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**CITY OF ST LOUIS**

_5/11/2026_
Date

_____
Clerk

**Further Information:**